IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DALLAS D. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:05-CV-01773-JHH-PWG |
| | ) |
| JOANNE B. BARNHART, | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM OF OPINION</u>

Dallas D. Smith, hereinafter referred to as plaintiff, has filed a *pro se* complaint against Joanne B. Barnhart, Commissioner of the United States Social Security Administration. Plaintiff was tried and convicted of murder in the Circuit Court of Covington County, Alabama, on April 22, 1992. He is presently serving life in prison as a habitual offender. Plaintiff alleges that he was entitled to receive disability benefits in September, 1992. Plaintiff alleges that defendant Barnhart violated his constitutional rights by prohibiting him from receiving monthly disability benefits due to his incarceration. He seeks monetary damages and injunctive relief.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. While the former 28 U.S.C. § 1915(d) permitted the court to dismiss claims *sua sponte* only if the court found them frivolous or

malicious, the new Section 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service. In order to protect a *pro se* prisoner's right of access to the courts, however, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

FACTUAL ALLEGATIONS

Smith contends that the Commissioner violated rights guaranteed by the Fifth Amendment to the United States Constitution and the due process clause of the Fourteenth Amendment to the United States Constitution. He also appears to challenge the constitutionality of 42 U.S.C. § 402(x). The statue prohibits payment of monthly benefits to persons incarcerated pursuant to a felony conviction. Smith argues that congressional action to prohibit convicted felons from receiving social security income benefits while in prison violates the *ex post factor* clause and is a bill of attainder. Plaintiff claims further that the Alabama Department of Corrections (herein "DOC") does not meet his basic living needs. He contends in his suit against the Commissioner that the DOC do not provide for the special needs of older inmates. He asserts that in the free world, social security would provide those needs. He identifies as special needs medical, food, clothing, and shoes. He complains the DOC requires a co-payment for medical care, that the food is not suitable for human consumption, that older inmates are not provided warm clothing, that the clothing provided does not fit, and that the tennis shoes and works boots provided by the DOC are inadequate.

DISCUSSION

Smith may not bring his claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Supreme Court has expressly "declined to imply a *Bivens* remedy for people who were improperly denied Social Security ... benefits, allegedly as a result of due process violations." *Davis v. District of Columbia*, 158 F.3d 1342, 1346 (D.C. Cir. 1998), *quoting Schweiker v. Chilicky*, 487 U.S. 412, 425, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988).

The version of § 402(x)(1) which went into effect in 1995 provides, in pertinent part:

> (x) Limitation on payments to prisoners, certain other inmates of publicly funded institutions, fugitives, probationers, and parolees
>
> (1)(A) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual –
>
> (i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense,
>
> * * *

The court notes that the earlier version of 42 U.S.C. § 402 in effect at the time of plaintiff's conviction and sentence also directed the Social Security Administration to suspend benefits to convicted felons serving time in prison. Prior to the 1995 amendment, 42 U.S.C. § 402(x)(1) read:

> (x) Limitation on payments to prisoners
> (1) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under application law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court

3

>of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.

The suspension of Social Security benefits was not a new law imposed after plaintiff's conviction and sentence. The Act was in place at the time and applied to Smith's felony conviction.

The constitutional challenge Smith makes to § 402(x) has been considered and rejected by a number of courts, including the Eleventh Circuit Court of Appeals. In *Andujar v. Bowen*, 802 F.2d 404 (11th Cir. 1986), an inmate brought an action challenging the constitutionality of 42 U.S.C. § 402(x)(1). The Eleventh Circuit rejected the plaintiff's challenge to the statute under the due process and ex post facto clauses, and as a bill of attainder or as punishment without trial. *See also Butler v. Apfel*, 144 F.3d 622 (9th Cir. 1998) (statute mandating suspension of social security benefits to incarcerated individuals does not violate due process or equal protection clauses of Fifth Amendment); *Davis v. Bowen*, 825 F.2d 799 (4th Cir. 1987), *cert. denied*, 484 U.S. 1069, 108 S.Ct. 1036, 98 L.Ed.2d 1000 (1988) (blanket suspension by the Secretary of Health and Human Services of social security retirement benefits for incarcerated felons did not violate felon's due process or equal protection rights; the suspension was consistent with discretion granted to the Secretary in the Social Security Act and rationally promoted the legitimate underlying congressional policy goal of conserving scarce social security resources where basis economic needs of incarcerated felons are provided from other public sources); *Caldwell v. Heckler*, 819 F.2d 133 (6th Cir. 1987) (statute which authorizes termination of benefits during any month of claimant's incarceration for felony, was not "ex post facto law" when applied to claimant who committed act resulting in felony conviction prior to effective date of statute); *Zipkin v. Heckler*, 790 F.2d 16 (2d Cir. 1986) (statute suspending payment of all monthly social security benefits to persons imprisoned as felons rationally reflects

policy that prisoners' social security retirement benefit payments be suspended since their substantial economic needs are already met; any contemporaneous payment of social security funds would be wasteful); *Peeler v. Heckler*, 781 F.2d 649 (8th Cir. 1986) (statute suspending social security disability benefits for incarcerated felons is not an ex post facto law, since there is a rational connection between the provision and a non-punitive goal regulating the distribution of disability benefits; people in prison have their subsistence needs taken care of by the imprisoning jurisdiction; for such reason, it was entirely rational for Congress to suspend federal disability payments to prisoners); *Buccheri-Bianca v. Heckler*, 768 F.2d 1152(10th Cir. 1985) (statute which provides that there shall be no payment of social security old-age and survivors benefits to convicted felon is constitutional); *Jensen v. Heckler*, 766 F.2d 383 (8th Cir.), *cert. denied*, 474 U.S. 945, 106 S.Ct. 311, 88 L.Ed.2d 288 (1985) (statutes suspending payment of social security disability benefits to incarcerated felons who are not involved in an approved rehabilitation program, did not violate due process or equal protection principles by creating an irrational classification, since suspension of benefits was rationally related to Act's policy of compensating for loss of earnings without providing disincentive for rehabilitation, benefits were not suspended to inmate's dependents, and Act avoided discipline problems which cash payments to inmates would create); *Casalvera v. Commissioner of Social Sec.,* 998 F.Supp. 411 (D.Del 1998), *aff'd*, 176 F.3d 471 (3d Cir. 1999) (suspending social security retirement benefits during recipient's incarceration for felony is not "punishment" and, therefore, does not violate ex post facto clause; Congress intended sanction to be civil as indicated by its decision authorizing Commissioner of Social Security to make initial determination as to entitlement to benefits, and suspension of social security benefits to those incarcerated is rationally connected to legitimate non-punitive purpose); *Ryan v. Brady*, 776 F.Supp. 1 (D.D.C. 1991), *aff'd*

*in part*, 978 F.2d 744 (D.C. Cir. 1992), *aff'd*, 12 F.3d 245 (D.C. Cir 1993) (statute providing for suspension of Social Security benefits during incarceration on felony conviction is not unconstitutional); *Sulie v. Bowen*, 653 F.Supp. 849 (N.D.Ind. 1987) (42 U.S.C. § 402(x)(1) was constitutional, as against both due process and ex post facto law challenges, because primary purpose of statue was not punitive, government benefits were non-contractual, and non-punitive purpose was grounded in reason, since prisoners already had their subsistence needs met by imprisoning jurisdiction); *Graham v. Bowen*, 648 F. Supp. 298 (S.D.Tex. 1986) (saving money by denying old age benefits to individuals who were otherwise supported by government, through statute denying social security retirement benefits to imprisoned felons, could not be characterized as irrational, for purposes of inmate's challenges to constitutionality of statute under equal protection aspect of due process clause); *Clary v. Bowen*, 637 F.Supp. 1186 (W.D.N.C. 1986) (statue placing limitations on the payment of retirement benefits to prisoners is rationally related to preserving scarce social security resources while providing incentive to prisoners who would otherwise be denied benefits to participate in rehabilitation program expected to result in substantial gainful activity upon release, and, thus, did not deny equal protection to prisoner); *Hopper v. Schweiker*, 596 F.Supp. 689 (M.D.Tenn 1984) *aff'd*, 780 F.2d 1021 (6th Cir. 1985), *cert. denied*, 474 U.S. 1111, 106 S.Ct. 1522, 89 L.Ed.2d 920 (1986) (Congress' decision to suspend by statute incarcerated prisoner's disability benefits was not without rational justification; thus, subsec. (x) of this section which suspends social security benefits for prisoners convicted of felonies for the duration of their incarceration unless prisoner is involved in court-approved rehabilitation program is not unconstitutional); *Palacio v. Secretary of HHS*, 1987 WL 123923, Unempl. Ins. Rep. (CCH) ¶ 17991.5 (C.D.Cal. Apr. 6, 1987) (application of § 402(x) to deny retirement benefits to prisoner convicted of felony does not violate

6

prisoner's right to due process or equal protection; in light of fact that incarcerated felon is maintained at public expense, denying such benefits is wholly consistent with purpose of Social Security Act to alleviate economic hardship, and § 402(x) does not constitute ex post facto law or bill of attainder, since denying benefits does not constitute type of punishment envisioned by ex post facto or bill of attainder clauses).

Smith also claims that the Commissioner has violated an unspecified right guaranteed by the Fifth Amendment. If plaintiff intended to assert that the defendant violated his Fifth Amendment rights by taking his property without just compensation, he has failed to state a claim. Plaintiff has no legal entitlement to Social Security disability benefits while he is incarcerated. The benefits have not been taken from him. He has no property interest in the benefits for which he is due just compensation. Plaintiff's claim that he was denied rights guaranteed by the Fifth Amendment is due to be dismissed.

The suspension of plaintiff's disability benefits is simply a legal consequence of his conviction and imprisonment provided by a statute held constitutional in every appellate court which has addressed the issue, including the Eleventh Circuit. Whether or not Smith was informed of this collateral consequence from his conviction does not render the suspension of benefits improper or illegal.

In an effort to circumvent the authority rejecting his challenges, plaintiff claims that the DOC is not meeting his basic living needs. Whether he does not assert fact allegations in support of this claim, he contends that the DOC does not provide for his "special needs." The argument seems to be the social security benefits should be provided so that he can meet his "special needs" himself. Prison officials are constitutionally required to furnish prisoners with "reasonably adequate" food,

7

clothing, shelter and sanitation. *Newman v. Alabama*, 559 F.2d 283, 286 (5th Cir. 1977) *rev'd in part on other grounds sub nom*. It is clear from the complaint that the DOC is providing plaintiff with basic needs. Plaintiff claims that he needs the disability benefits to buy food from the commissary because the food in the cafeteria is not suitable for human consumption, that the clothing provided is not warm enough and that it does not fit, and that the tennis shoes and work boots provided by the prison are inadequate. Clearly, the DOC is proving plaintiff with food, clothing, and shoes. It appears that he simply claims a right to purchase additional items which are more to his liking.  The Fifth Circuit noted in *Newman*, *supra*, "the Constitution does not require that prisoners be provided any and every amenity which some person may think is needed to avoid mental, physical, and emotional deterioration."  559 F.2d at 291. Plaintiff also complains that he is required to pay a co-payment when he requests medical treatment. He does not allege that he will not receive medical treatment if he does not pay. In fact, he states in his complaint that if an inmate does not have the co-payment, it will be charged to his account. Clearly, he is not being denied medical treatment because he cannot pay for it. Plaintiff claim is due to be dismissed.  In sum, Mr. Smith's pedestrian claims are not within the scope of his lawsuit against the Commissioner.  If he contends DOC has violated his rights he has the right to bring an action against those who he has considered have wronged him. The Commission has not.

Finally, plaintiff states in his complaint that he is challenging the constitutionality of 42 U.S.C. § 423(f). Plaintiff does not state the basis for this challenge. 42 U.S.C. § 423(f) reads:

> Standard of review for termination of disability benefits
>
> A recipient of benefits under this subchapter or subchapter XVIII of this chapter based on the disability of any individual may be determined not to be entitled to such benefits on the basis of a finding

>that the physical or mental impairment on the basis of which such
>benefits are provided has ceased, does not exist, or is not disabling
>only if such finding is supported by–

Plaintiff's benefits have not been terminated pursuant to § 423(f). Plaintiff's benefits were suspended as required by 42 U.S.C. § 402(x)(1) because he is incarcerated for a felony conviction. Plaintiff's constitutional challenge to § 423 is due to be dismissed.  In addition, plaintiff's challenge to 42 U.S.C. § 423(f) is due to be dismissed because plaintiff's allegations are vague and conclusory, *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984), and without factual basis, *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## CONCLUSION

Based on the foregoing, the complaint is due to be dismissed for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b). An appropriate Order will be entered.

**DONE** this the   18th   day of April, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE